UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| JOSEPH ROBINSON, JR., HENRY JACKSON and MICHAEL WRIGHT, professionally known as "The Sugar Hill Gang," | 04 CIV. ECF Case |
| Plaintiffs, | COMPLAINT |
| -against- | |
| MIKE DIAMOND, ADAM YAUCH and ADAM HOROVITZ, professionally known as "The Beastie Boys," CAPITOL RECORDS, INC., BROOKLYN DUST MUSIC and UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., | Jury Trial Demanded |
| Defendants. | |

---------------------------------------------------------X

Plaintiffs by their attorneys Cinque & Cinque, P. C. for their complaint allege:

**JURISDICTION AND PARTIES**

1. This action arises under the Copyright Act of the United States (17 U.S.C. §101, et seq.). The Court has exclusive jurisdiction over this action under Section 1338(a) of the Judicial Code (28 U.S.C. §1338(a)).

2. Plaintiffs Joseph Robinson, Jr., Henry Jackson and Michael Wright are

residents of the State of New Jersey and members of a recording group professionally known as "The Sugar Hill Gang."

3.  By virtue of the default judgment filed May 28, 2004 in the action pending in the United States District Court for the Southern District of New York entitled <u>Robinson, et al.</u> v. <u>Sanctuary Copyrights, Ltd. and Sanctuary Records Group, Ltd.</u> (03 CIV. 10235 (RO)), plaintiffs are the owners of all right, title and interest including the copyright in and to the sound recording of the musical composition "Rapper's Delight" as performed by "The Sugar Hill Gang" (the "Recording") for the world, excluding North America, South America, the Caribbean and Japan.

4.  Defendants Mike Diamond, Adam Yauch and Adam Horovitz are upon information and belief residents of the State of New York and members of a recording group professionally known as "The Beastie Boys."

5.  Defendant Capitol Records, Inc. ("Capitol") is a corporation organized and existing under the laws of the State of Delaware, and is engaged <u>inter alia</u> in the business of manufacturing and distributing sound recordings.  Capitol maintains an office in the State of New York and is authorized to do business in New York.  In or about June of 2004 Capitol manufactured and distributed a "Beastie Boys" album entitled "To The 5 Boroughs," containing a recording of a

2

musical composition entitled "Triple Trouble."

6. Defendant Brooklyn Dust Music is upon information and belief a New York entity engaged in the business of publishing musical compositions with its principal place of business in New York and is a co-owner of the copyright in the "Triple Trouble" composition.

7. Defendant Universal-PolyGram International Publishing, Inc. is a corporation organized and existing under the laws of the State of Delaware, authorized to do business in New York, with its principal place of business in California, and is a co-owner of the copyright in the "Triple Trouble" composition.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

8. The Recording contains copyrightable subject matter under the copyright laws of the United States. On September 24, 1979 the United States Copyright Office registered a claim to copyright in the Recording to Sugar Hill Records, Ltd. and issued Certificate Number SR-13-851 (the "Copyright"). Plaintiffs are beneficial owners of the Copyright because they receive percentage royalties based on sales or license fees from its current owner Warner Strategic Marketing.

9. Within the past three years defendants have in the Southern District of New York and throughout the United States substantially copied the Recording, and made and distributed or authorized the making or distributing of phonorecords substantially utilizing the Recording in and as part of "Triple Trouble."

10. Defendants made the illegal master recording of "Triple Trouble" and copies thereof in the United States and shipped these copies abroad, so that the "To the 5 Boroughs" album could be manufactured and sold throughout the world.

11. Defendants' creation of the master recording of "Triple Trouble" and copies thereof constituted an act of infringement of the Copyright in violation of the Copyright Act, and permitted further reproduction abroad that contributed to extraterritorial infringement.

12. The master recording made by defendants in the United States is a "phonorecord" from which the work could be "reproduced" for purposes of 17 U.S.C. §106.

13. Plaintiffs acquired an equitable interest in the master recording of "Triple Trouble" and copies thereof as soon as they were made, which attached to profits derived from their exploitation abroad in the form of money remitted to

defendants in the United States.

14. As soon as such profits took the form of property whose situs was in the United States, they are impressed with a constructive trust under the Copyright Act.

15. Defendants' exploitation of the Recording was made without authorization or permission from plaintiffs and constitutes infringement of the Copyright.

16. The acts and omissions of the defendants are wilful and intentional acts of infringement of the Copyright.

17. The defendants continue to exploit and license the Recording, and unless enjoined by this Court will continue to infringe the Copyright.

WHEREFORE, plaintiffs demand relief as follows:

(a) that a constructive trust be impressed in plaintiffs' favor over all sums received by defendants as a result of their exploitation of "Triple Trouble" throughout the world excluding North America, South America, the Caribbean and Japan;

(b) that defendants be required to account for and pay to plaintiffs all gains, profits and advantages derived by defendants from such extraterritorial infringement of the Copyright;

(c) that defendants, their agents, servants, employees, successors and assigns be preliminarily enjoined during the pendency of this action and permanently thereafter from infringing the Copyright anywhere in the world excluding North America, South America, the Caribbean and Japan;

(d) that defendants be required to pay plaintiffs the costs and disbursements of this action together with reasonable attorneys' fees in a sum to be allowed by the Court; and

(e) that plaintiffs have such other and further relief as the Court may deem just and proper.

DATED:  NEW YORK, NEW YORK
        NOVEMBER 15, 2004

                                            CINQUE & CINQUE, P. C.

                                            By:_____/s/_____
                                                James P. Cinque (JPC-3673)
                                            Attorneys for Plaintiffs
                                            845 Third Avenue
                                            Suite 1400
                                            New York, New York 10022
                                            Telephone No.: 212-759-5515
                                            Telefax No.:    212-759-7737
                                            Email:   CINQUE845@aol.com